JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Chaine Jordan

**DEFENDANTS**

Lower Merion Township; Lower Merion Township Police Department; Police Officer Charles Murphy; Lower Merion ⊞

**(b)** County of Residence of First Listed Plaintiff    Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Nadeem A. Bezar, Esquire
Kline & Specter, PC
1525 Locust Street ⊞

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1   U.S. Government Plaintiff | ☒ 3   Federal Question *(U.S. Government Not a Party)* |
| ☐ 2   U.S. Government Defendant | ☐ 4   Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | **INTELLECTUAL** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation - Transfer    ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
Sep 5, 2024

SIGNATURE OF ATTORNEY OF RECORD
/s/ Nadeem A. Bezar, Esquire

## FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 345 Jefferson Street, Plymouth Meeting, PA 19462

Address of Defendant: 75 East Lancaster Avenue
Ardmore, PA 19003

Place of Accident, Incident or Transaction: Conshohocken State Road in the Bala Cynwyd community of Lower Merion Township, Pennsylvania

---

**RELATED CASE IF ANY:**

Case Number: _____ Judge: _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit Pending or within one year previously terminated action in this court?    Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier Numbered case pending or within one year previously terminated action of this court?    Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se case filed by the same individual?    Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any now pending or within one year previously terminated action in this court except as note above.

DATE: 9/5/24        /s/ Nadeem A. Bezar, Esquire        63577

*Attorney-at-Law (Must sign above)*        *Attorney I.D. # (if applicable)*

---

**Civil (Place a √ in one category only)**

*A.  Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☒ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. All Other Federal Question Cases. *(Please specify)*: _____

*B.  Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify)*:_____
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases:  *(Please specify)*_____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Nadeem A. Bezar, Esq. , counsel of record *or* pro se plaintiff, do hereby certify:

- ☒ Pursuant to Local Civil Rule 53.2 § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

- ☐ Relief other than monetary damages is sought.

DATE: 9/5/24        /s/ Nadeem A. Bezar, Esquire        63577

*Attorney-at-Law (Sign here if applicable)*        *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHAINE JORDAN | : | |
| c/o Kline & Specter, P.C., | : | |
| 1525 Locust Street, Philadelphia, PA | : | |
| 19102 | : | |
| | : | |
| | : | |
| *Plaintiff*, | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| LOWER MERION TOWNSHIP | : | |
| 75 East Lancaster Avenue | : | |
| Ardmore, PA 19003 | : | COMPLAINT |
| | : | |
| and | : | |
| | : | |
| LOWER MERION TOWNSHIP | : | |
| POLICE DEPARTMENT | : | JURY TRIAL DEMANDED |
| 75 East Lancaster Avenue | : | |
| Ardmore, PA 19003 | : | |
| | : | |
| and | : | |
| | : | |
| POLICE OFFICER CHARLES | : | |
| MURPHY | : | |
| 75 East Lancaster Avenue | : | |
| Ardmore, PA 19003 | : | |
| | : | |
| and | : | |
| | : | |
| LOWER MERION TOWNSHIP | : | |
| POLICE OFFICERS JOHN DOE | : | |
| 1 THROUGH 20 | : | |
| 75 East Lancaster Avenue | : | |
| Ardmore, PA 19003 | : | |
| | : | |
| | : | |
| *Defendants*. | : | |

## COMPLAINT

Plaintiff, Chaine Jordan, by and through her undersigned attorneys, Kline & Specter, P.C., alleges as follows:

## PARTIES

1.      Plaintiff, Chaine Jordan, is an adult citizen of the Commonwealth of Pennsylvania, residing at 345 Jefferson Street Apartment 1, Plymouth Meeting, Pennsylvania, 19462.

2.      Defendant, Lower Merion Township, is a municipal township in the Commonwealth of Pennsylvania. Defendant, Lower Merion Township, created, owns, operates, manages, directs, authorizes, and/or controls the Lower Merion Police Department.

3.      Defendant, Lower Merion Township Police Department, is a municipal entity organized and existing under the laws of the Commonwealth of Pennsylvania, with a principal place of business at 75 East Lancaster Avenue, Ardmore, Pennsylvania 19003.

4.      Defendant, Officer Charles Murphy, was at all times an officer of the Lower Merion Township Police Department, employed by the Lower Merion Police Department and/or Lower Merion Township. At all times relevant hereto, Defendant Murphy was acting under color of state law and under the authority provided to him as an officer of the Lower Merion Police Department.

5.      Defendants, Lower Merion Township Police Officers John Doe 1–5 were at all relevant times officers of the Lower Merion Police Department, employed by the Lower Merion Police Department and/or Lower Merion Township. At all times relevant hereto, Lower Merion Township Police Officers John Doe 1–5 were acting under color of law and under the authority provided to them as officers of the Lower Merion Police Department. Despite reasonable investigation, Plaintiff does not know these officers' names but expects to determine them with certainty during the course of discovery.

2

6.      All Defendants are jointly and severally liable for the injuries and damages suffered by the Plaintiff, Chaine Jordan, as more fully set forth in this Complaint.

7.      At all times relevant to this action, all Defendants acted under color of state law and their actions deprived the Plaintiff, Chaine Jordan, of her constitutional and statutory rights.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1367(a), as certain of Plaintiff's claims arise under The Fourth and Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983, and, thus, this matter falls under the Court's original jurisdiction. Plaintiff's remaining claims are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution and 28 U.S.C. § 1367(a).

9.       Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Defendants can be found, reside, work, and/or transact business in this District.

10.     Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the events giving rise to the claim occurred in this District.

## MATERIAL FACTS

11.     On Sunday, January 8, 2023 at 1:12 p.m., Plaintiff, Chaine Jordan, a 36-year-old woman, was driving on Conshohocken State Road in the Bala Cynwyd community of Lower Merion Township, Pennsylvania.

12.     Ms. Jordan was driving her sick uncle to a doctor's appointment.

13.     While on her way to the doctor's office with her uncle, a Lower Merion Township police vehicle began following behind Ms. Jordan on Conshohocken State Road.

14.     A truck driven by an unidentified individual was traveling in front of Ms. Jordan.

15.     The Lower Merion Township police vehicle activated its lights at 1:13 p.m.

16.     The stretch of Conshohocken State Road on which Ms. Jordan was traveling is a long, winding, busy road with many turns, lacking a sufficient shoulder on which to pull over.

17.     Noticing that the police vehicle had activated its lights, Ms. Jordan turned on her hazard warning lights to indicate that she observed their presence and intended to pull over where safe and where she would not block traffic.

18.     Lacking a safe place to pull over, Ms. Jordan continued driving, with her hazard lights continuously flashing, towards a Wawa parking lot on Conshohocken State Road – the only location on that stretch of road that was familiar and safe to Ms. Jordan.

19.     The truck in front of Ms. Jordan also continued driving.

20.     At 1:15 p.m., Ms. Jordan reached the intersection of Rock Hill Road and Conshohocken State Road, at which time she promptly pulled over into the Wawa parking lot, and safely parked in a parking space.

21.     Ms. Jordan turned off the car.

22.     Ms. Jordan put her hands out the driver's side window to keep her hands in view and to indicate that she was not holding anything.

23.     Defendant, Officer Charles Murphy, a Lower Merion Township Police Officer, exited his police vehicle.

24.     Defendant Murphy drew his firearm.

25.     Ms. Jordan saw that Defendant Murphy had drawn his firearm.

26.     Defendant Murphy approached Ms. Jordan's driver-side window.

27.     Noticing that Defendant Murphy had drawn his service weapon, and fearing for her safety, Ms. Jordan repeatedly requested to speak to a sergeant or supervisor.

4

28.     Defendant Murphy denied Ms. Jordan's repeated requests to speak to a sergeant or supervisor.

29.     At 1:18 p.m., a second Lower Merion Township police car pulled into the Wawa parking lot.

30.     Defendant Murphy and three additional Lower Merion Township police officers surrounded Ms. Jordan's vehicle on either side.

31.     Bodycam footage shows Ms. Jordan, in a panic, informing the other police officers, "He had his gun out" and "He had his gun pointed at me."

32.     Bodycam footage shows Ms. Jordan, in a panic, pleading, "Get me a white shirt."

33.     "White shirt" is a term used to describe a supervisory police officer or sergeant.

34.     Bodycam footage shows Defendant Murphy stating, "You didn't pull over for me."

35.     Bodycam footage shows Ms. Jordan responding, "It wasn't safe for me to pull over, so I pulled over into a parking lot."

36.     Ms. Jordan, fearing for her safety, again requested that the officers call a supervisor, or to otherwise call her father, who is a State Trooper.

37.     Defendant Murphy refused Ms. Jordan's request for a sergeant or supervisor.

38.     Instead, bodycam footage shows Defendant Murphy yelling, "I'm going to break that window."

39.     During the encounter, Ms. Jordan stated, "I'm scared" to which Defendant Murphy replied, "I don't care."

40.     Defendant Murphy thereafter reached through the window of Ms. Jordan's car, unlocked and opened the door, and began grabbing at Ms. Jordan, attempting to rip her from her vehicle.

41.     A second Lower Merion Township police officer grabbed Ms. Jordan's arm and attempted to rip her from her vehicle.

42.     Bodycam footage shows Ms. Jordan stating, "Do not touch me until your Sergeant gets here."

43.     At this time, Defendant Murphy drew his Taser.

44.     A Taser is a conducted energy weapon which fires volts of electricity into a person's body through metal projectiles, causing neuromuscular incapacitation, pain, muscle contractions, and other injuries.

45.     Tasers can cause serious bodily injury and death particularly in individuals with underlying cardiac issues.

46.     When Defendant Murphy drew his Taser on Ms. Jordan on January 8, 2023, Ms. Jordan immediately put her hands in the air.

47.     While Ms. Jordans' hands were in the air, Defendant Murphy, in the course and scope of his duty, acting affirmatively throughout, and acting under the color of law, fired his Taser at Ms. Jordan.

48.     Ms. Jordan possessed no weapons of any kind.

49.     Defendant Murphy yelled, "You're gonna get it again."

50.     Defendant Murphy again activated his Taser, delivering an electric shock to Ms. Jordan for a second time.

51.     Defendant Murphy again activated his Taser, delivering an electric shock to Ms. Jordan for a third time.

52.     Defendant Murphy again activated his Taser, delivering an electric shock to Ms. Jordan for a fourth time.

53.     After tasing Ms. Jordan at least four times, Defendant Murphy again reached into Ms. Jordan's vehicle and dragged her from her car.

54.     Ms. Jordan was thereafter handcuffed, arrested, and placed in the backseat of a Lower Merion Township police car.

55.     On January 17, 2023, the Lower Merion Township Police Department held a Press Conference.

56.     At the January 17, 2023 Press Conference, the Lower Merion Township Police Department condoned Defendant Murphy's use of his Taser at least four times, and condoned Defendant Murphy's physical assault of Ms. Jordan.

57.     At the January 17, 2023 Press Conference, the Lower Merion Township Police Department stated that Defendant Murphy's conduct was "in line with our training."

58.     At the January 17, 2023 Press Conference, the Lower Merion Township Police Department stated that Ms. Jordan was initially stopped for "tailgating" the truck that was driving in front of her on Conshohocken State Road.

59.     During the January 8, 2023 traffic stop for "tailgating" in which Ms. Jordan was tased by Defendant Murphy at least four times, Ms. Jordan posed no threat to the involved police officers and no police officers were injured in any way.

60.     Defendant Lower Merion Township and the Lower Merion Police Department determined that all the excessive and unconstitutional uses of force against Ms. Jordan were consistent with its policies and procedures.

61.     Defendants, Officer Charles Murphy, Lower Merion Township Police Officers John Doe 1-5, Lower Merion Township, and the Lower Merion Police Department acted unlawfully, giving rise to Plaintiff's claims.

62.     The use of unreasonable force during an arrest, an investigatory stop, or any other seizure of a person violates the Fourth Amendment and is actionable under the federal Civil Rights Act. *Graham v. Connor*, 490 U.S. 386, 390 (1989).

63.     Defendants' actions violated Ms. Jordan's clearly established constitutional rights by using objectively unreasonable force under the circumstances, *i.e.*, tasing an unarmed woman at least four times, who prior to the tasing had her hands in the air, who had informed the officers that she was scared, and who simply requested to see a supervisor.

64.     The affirmative acts of Defendant Murphy and Lower Merion Township Police Officers John Doe 1-5 directly and proximately caused the injuries and damages suffered by Plaintiff, Chaine Jordan.

65.     The dangerous, reckless, and/or intentional and affirmative conduct of Defendant Murphy, Lower Merion Township Police Officers John Doe 1-5, Lower Merion Township, and the Lower Merion Township Police Department, were the only cause or factor, or were substantial factors, in causing the injuries sustained by Plaintiff, Chaine Jordan.

66.     As a direct and proximate result of the acts and/or omissions of all Defendants stated herein, Chaine Jordan suffered the following injuries and damages all of which may be ongoing and permanent in nature:

  a.  Physical and mental pain and suffering, both past and in the future, including damages for physical pain, discomfort, loss of use of bodily function, and emotional injuries including humiliation, fright, terror, and emotional trauma;

  b.  Sequalae of repeated use of Taser;

  c.  Past and future medical expenses;

  d.  Loss of enjoyment of life's pleasures;

e.   Impairment of personal and professional reputation;

f.   Loss of earning capacity;

g.   Emotional distress;

h.   Anxiety;

i.   Embarrassment;

j.   Violation of her Constitutional rights under the Fourth and Fourteenth Amendment to the United States Constitution; and

k.   Other injuries and damages.

**WHEREFORE**, Plaintiff, Chaine Jordan, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, jointly and severally, in an amount in excess of any arbitration limit in the District Court for the Eastern District of Pennsylvania, including interest, plus Plaintiff's costs and attorney's fees, and punitive damages against all Defendants, as well as any other relief this Court deems just.

### COUNT I – CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983
### UNLAWFUL USE OF UNREASONABLE AND EXCESSIVE FORCE
### Plaintiff v. Defendant Officer Charles Murphy

67.   Plaintiff incorporates the preceding paragraphs of this Complaint and makes them part of this Count as if fully set forth herein.

68.   At all relevant times, Defendant Officer Charles Murphy was an individual subject to suit pursuant to 42 U.S.C. § 1983.

69.   At all relevant times, Defendant Officer Murphy acted under color of state law in all of his actions and inactions described herein with regard to Ms. Jordan.

9

70.     At all relevant times, Defendant Officer Murphy knew that Chaine Jordan's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process were clearly-established constitutional rights.

71.     Defendant Murphy violated Chaine Jordan's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process.

72.     Plaintiff, Chaine Jordan, was subject to a seizure within the meaning of the Fourth Amendment through the application of force.

73.     The application of force utilized by Defendant Murphy against Plaintiff, Chaine Jordan, during the January 8, 2023 traffic stop as described herein, was unreasonable under the circumstances, unconstitutionally excessive, and in violation of Chaine Jordan's rights to be free from excessive force under the Fourth Amendment to the United States Constitution.

74.     At all relevant times, Chaine Jordan posed no actual or imminent threat of death and/or serious bodily injury to Defendant Officer Murphy.

75.     Nonetheless, Defendant Murphy acted unreasonably, unjustifiably, and in violation of Chaine Jordan's clearly established constitutional rights by physically abusing Ms. Jordan and tasing her at least four times.

76.     Defendant Murphy engaged in the excessive uses of forces described herein either intentionally, with deliberate indifference to or in conscious disregard to the rights of Chaine Jordan.

77.     As a direct and proximate result of Defendant Officer Murphy's unreasonable, unjustifiable, and unconstitutional conduct, Plaintiff was caused to suffer the injuries described in this Complaint.

        **WHEREFORE**, Plaintiff, Chaine Jordan, respectfully requests that this Honorable Court

10

enter Judgment in her favor and against Defendants, jointly and severally, in an amount in excess of any arbitration limit in the District Court for the Eastern District of Pennsylvania, including interest, plus Plaintiff's costs and attorney's fees, and punitive damages against all Defendants, as well as any other relief this Court deems just.

### COUNT II – CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983
### UNLAWFUL USE OF UNREASONABLE AND EXCESSIVE FORCE
### <u>Plaintiff v. Defendants Lower Merion Township Police Officers John Doe 1–5</u>

78.     Plaintiff incorporates the preceding paragraphs of this Complaint and makes them part of this Count as if fully set forth herein.

79.     At all relevant times, Defendants in this Count were individuals subject to suit pursuant to 42 U.S.C. § 1983.

80.     At all relevant times, Defendants acted under color of state law.

81.     At all relevant times, Defendants knew that Chaine Jordan's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process were clearly-established constitutional rights.

82.     Plaintiff, Chaine Jordan, was subject to a seizure within the meaning of the Fourth Amendment through the application of force.

83.     The application of force utilized by Defendant Police Officers John Doe 1-5 against Plaintiff, Chaine Jordan, during the January 8, 2023 traffic stop as described herein, was unreasonable under the circumstances, unconstitutionally excessive, and in violation of Chain Jordan's rights to be free from excessive force under the Fourth Amendment to the United States Constitution.

84.     Defendants violated Chaine Jordan's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process.

85.     At all relevant times, Chaine Jordan posed no actual or imminent threat of death and/or serious bodily injury to any of the involved police officers.

86.     Nonetheless, Defendants acted unreasonably, unjustifiably, and in violation of Chaine Jordan's clearly established constitutional rights by physically assaulting her.

87.     Defendants engaged in the excessive uses of forces described herein either intentionally, with deliberate indifference to or in conscious disregard to the rights of Chaine Jordan.

88.     As a direct and proximate result of Defendants' unreasonable, unjustifiable, and unconstitutional conduct, Plaintiff was caused to suffer the injuries described in this Complaint.

**WHEREFORE**, Plaintiff, Chaine Jordan, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, jointly and severally, in an amount in excess of any arbitration limit in the District Court for the Eastern District of Pennsylvania, including interest, plus Plaintiff's costs and attorney's fees, and punitive damages against all Defendants, as well as any other relief this Court deems just.

**COUNT III – CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983
STATE-CREATED DANGER
Plaintiff v. Defendant Officer Charles Murphy**

89.     Plaintiff incorporates the preceding paragraphs of this Complaint and makes them part of this Count as if fully set forth herein.

90.     At all relevant times, Defendants in this Count were individuals subject to suit pursuant to 42 U.S.C. § 1983.

91.     At all relevant times, Defendants acted under color of state law.

12

92.     At all relevant times, Defendants knew that Chaine Jordan's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process were clearly-established constitutional rights.

93.     The Fourteenth Amendment to the Constitution guarantees Plaintiff, Chaine Jordan, the substantive due process to be free from state-created dangers.

94.     Defendant, Officer Charles Murphy, violated this right by taking affirmative steps which placed Ms. Jordan at foreseeable risk of danger and harm.

95.     By drawing his service weapon and approaching Ms. Jordan's vehicle with his gun drawn, without justification, during a routine traffic stop in which Ms. Jordan had her hands in plain view and posed no threat of harm to Defendant Murphy, Defendant Murphy, acting under color of law, created an opportunity for danger that would not have been present absent such conduct.

96.     The physical, emotional, and mental harm that Ms. Jordan suffered after Defendant Officer Charles Murphy unconstitutionally drew his firearm was a foreseeable and fairly direct consequence of Defendant Murphy's conduct.

97.     Defendant Murphy's actions of drawing his service weapon on Ms. Jordan without justification shocks the conscience.

98.     A relationship between Defendant Murphy, acting under color of state law, and Ms. Jordan, existed such that Ms. Jordan was a foreseeable victim of Defendant Murphy's acts.

99.     Defendant Murphy, acting under color of state law, used his authority in a way that created a danger to Ms. Jordan that rendered her more vulnerable than had he not acted at all.

**WHEREFORE**, Plaintiff, Chaine Jordan, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, jointly and severally, in an amount in excess of any

arbitration limit in the District Court for the Eastern District of Pennsylvania, including interest, plus Plaintiff's costs and attorney's fees, and punitive damages against all Defendants, as well as any other relief this Court deems just.

**COUNT IV – CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983**
**FAILURE TO INTERVENE**
**Plaintiff v. Defendants Lower Merion Township Police Officers John Doe 1–5**

100.    Plaintiff incorporates the preceding paragraphs of this Complaint and makes them part of this Count as if fully set forth herein.

101.    At all relevant times, Defendants in this Count were individuals subject to suit pursuant to 42 U.S.C. § 1983.

102.    At all relevant times, Defendants acted under color of state law.

103.    At all relevant times, Defendants knew that Chaine Jordan's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process were clearly-established constitutional rights.

104.    Defendants violated Chaine Jordan's right to be secure against unreasonable seizures and/or deprivations of life, liberty, and property without due process.

105.    By law, and by the Lower Merion Township Police Department's own policies, police officers have a duty to intervene to prevent the use of excessive force.

106.    Defendants, Lower Merion Township Police Officers John Doe 1-5, witnessed Officer Murphy violate the Fourth Amendment when he used excessive force on Chaine Jordan.

107.    Defendant Police Officers John Doe 1-5 had a reasonable opportunity to intervene as they stood and watched Defendant Officer Murphy physically assault Chaine Jordan, tase her at least four times, and continue to physically assault her by dragging her from her car.

108.    Defendant Police Officers John Doe 1-5 failed to intervene.

14

109.     Each of the non-intervening Defendant Police Officers are liable for the harm and damages suffered by the Plaintiff, Chaine Jordan, as stated herein.

**WHEREFORE**, Plaintiff, Chaine Jordan, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, jointly and severally, in an amount in excess of any arbitration limit in the District Court for the Eastern District of Pennsylvania, including interest, plus Plaintiff's costs and attorney's fees, and punitive damages against all Defendants, as well as any other relief this Court deems just.

### COUNT V – CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1983 MUNICIPAL LIABILITY
### Plaintiff v. Defendants Lower Merion Township and Lower Merion Township Police Department

110.     Plaintiff incorporates the preceding paragraphs of this Complaint and makes them part of this Count as if fully set forth herein.

111.     The conduct as set forth above demonstrates that Defendants Lower Merion Township and Lower Merion Township Police Department failed to properly train, and/or failed to have a proper policy regarding training police officers on the appropriate use of force and use of service weapons, including tasers, thereby depriving Plaintiff Chaine Jordan of her constitutional rights.

112.     The conduct as set forth above demonstrates that Defendants Lower Merion Township and Lower Merion Township Police Department failed to properly supervise and/or monitor and/or failed to have a proper policy regarding supervising and/or monitoring police officers on the appropriate use of force and use of service weapons, including tasers, thereby depriving Plaintiff Chaine Jordan of her constitutional rights.

113.     The conduct as set forth above demonstrates that Defendants Lower Merion Township and Lower Merion Township Police Department maintained policies, procedures, and

practices that it knew were inadequate to prevent the use of excessive and unconstitutional force, and nevertheless failed to amend, revise, or replace those policies, procedures, and practices with appropriate policies, procedures, and practices, thereby depriving Plaintiff Chaine Jordan of her constitutional rights.

114.    The conduct set forth above indicates that Defendants Lower Merion Township and Lower Merion Township Police Department failed to enforce the written policies regarding use of force, use of tasers, and/or the duty to intervene, thereby depriving Plaintiff Chaine Jordan of her constitutional rights.

115.    The violations of Chaine Jordan's constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution, Chaine Jordan's damages, and the conduct of the individual Defendant Officers were directly and proximately caused by the actions and/or inactions of the Lower Merion Township and the Lower Merion Township Police Department, which has encouraged, tolerated, ratified and/or has been deliberately indifferent to the need for more or different training and/or supervision in the areas of:

     a.    The use of force by police officers;

     b.    Legal cause to stop, detain, and arrest a citizen;

     c.    The affirmative duty of police officers to intervene to prevent the use of excessive force; and

     d.    The failure of police officers to follow established policies, procedures, and instructions regarding arrests and the use of force.

116.    Defendant Lower Merion Township and the Lower Merion Township Police Department's approval of Defendant Murphy's conduct, as evinced by the January 17, 2023 Press Conference, demonstrates a failure of Defendants Lower Merion Township and the Lower Merion

16

Township Police Department to adopt necessary and appropriate policies and adequately train its officers, and/or demonstrates that Defendants Lower Merion Township and the Lower Merion Township Police Department permitted the use of excessive force including the repeated use of Tasers.

117.    Defendant Lower Merion Township and the Lower Merion Township Police Department's approval of Defendant Murphy's conduct, as evinced by the January 17, 2023 Press Conference, demonstrates a deliberate indifference to the constitutional rights of individuals including Plaintiff, Chaine Jordan, under the Fourth and Fourteenth Amendments to the United States Constitution.

118.    As a result of the policies and procedures of Defendants Lower Merion Township and the Lower Merion Township Police Department including those relating to use of Tasers and use of force, and training consistent with them, disproportionate uses of force were utilized against Plaintiff, Chaine Jordan.

119.    As a direct and proximate result of the unreasonable, unjustifiable and unconstitutional conduct of Defendants, Lower Merion Township and the Lower Merion Township Police Department, Plaintiff, Chaine Jordan, was caused to suffer the injuries described in this Complaint.

**WHEREFORE**, Plaintiff, Chaine Jordan, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, jointly and severally, in an amount in excess of any arbitration limit in the District Court for the Eastern District of Pennsylvania, including interest, plus Plaintiff's costs and attorney's fees, and punitive damages against all Defendants, as well as any other relief this Court deems just.

## COUNT VI – ASSAULT
### Plaintiff v.  Defendant Officer Charles Murphy

120.    Plaintiff incorporates the preceding paragraphs of this Complaint and makes them part of this Count as if fully set forth herein.

121.    Defendant Murphy's actions and conduct, as described more fully herein, constituted an intentional display of force which gave Chaine Jordan reason to fear or expect immediate bodily harm or injury, including but not limited to Defendant Murphy's drawing of his service weapon on Ms. Jordan as he approached her vehicle, by drawing his Taser on Ms. Jordan, and by deploying his Taser at Ms. Jordan at least four times.

122.    The conduct set forth above was the sole factor, or was a substantial factor and factual cause, in the injuries suffered by Chaine Jordan, rendering Defendant Murphy liable for the injuries and damages claimed herein.

**WHEREFORE**, Plaintiff, Chaine Jordan, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, jointly and severally, in an amount in excess of any arbitration limit in the District Court for the Eastern District of Pennsylvania, including interest, plus Plaintiff's costs and attorney's fees, and punitive damages against all Defendants, as well as any other relief this Court deems just.

## COUNT VII – BATTERY
### Plaintiff v.  Defendant Officer Charles Murphy

123.    Plaintiff incorporates the preceding paragraphs of this Complaint and makes them part of this Count as if fully set forth herein.

124.    Defendants Murphy's actions and conduct, as described more fully herein, constituted physical contact intended to harm another, including but not limited to Officer

18

Murphy's intentional tasing of Ms. Jordan at least four times, and dragging her from her vehicle with unreasonable force.

125.   The conduct set forth above was the sole factor, or was a substantial factor and factual cause, in the injuries suffered by Chaine Jordan, rendering Defendants liable for the injuries and damages claimed herein.

**WHEREFORE**, Plaintiff, Chaine Jordan, respectfully requests that this Honorable Court enter Judgment in her favor and against Defendants, jointly and severally, in an amount in excess of any arbitration limit in the District Court for the Eastern District of Pennsylvania, including interest, plus Plaintiff's costs and attorney's fees, and punitive damages against all Defendants, as well as any other relief this Court deems just.

<u>**DEMAND FOR JURY TRIAL**</u>

Plaintiffs demand a trial by jury as to all counts and all issues raised by this Complaint.

Respectfully submitted,

**KLINE & SPECTER, P.C.**

Dated:  9/5/24                              By:   _____

THOMAS R. KLINE, ESQUIRE
NADEEM A. BEZAR, ESQUIRE
1525 Locust Street, 19th Floor
Philadelphia, PA 19102
215-772-1000
*Attorneys for Plaintiff*

19

**<u>VERIFICATION</u>**

I, Chaine Jordan, hereby verify that I am the plaintiff in the foregoing action; that the attached Complaint is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Complaint is that of counsel and not of affiant. I have read the Complaint and to the extent that the allegations therein are based upon information I have given counsel, they are true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsifications to authorities.

09/04/2024
_____
DATE

_____
CHAINE JORDAN